UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES SIMPSON, | ) | Case No. CV 16-3024-ODW(AJW) |
|        Petitioner, | ) | |
|   v. | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | PETITION WITHOUT PREJUDICE |
| WARDEN OF KERN VALLEY STATE | ) | AND WITH LEAVE TO AMEND |
| PRISON, | ) | |
|      Respondent. | ) | |

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus on April 27, 2016.[1] In its entirely, the petition alleges:

    I want my conviction to be reversed because the court told

    the jurors that I committed several offenses at the time

    that the several offenses were the charges filed against me.

    The court lied to the jurors and that is one of the reasons

---

[1] Although the petition was stamped filed by the Clerk's Office on May 3, 2016, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court). The Court assumes petitioner handed his petition to prison officials for mailing on the date on which it was signed.

1       why I did not have a fair trial. The proof is attached to

2       this petition. The reason why I am filing these documents at

3       this moment, [is] because I did not know how to file the

4       documents before this moment to send to the court.

5   [Petition at 1]. Attached to the petition are three pages of the

6   reporter's transcript from petitioner's July 1, 1997 trial. [Petition,

7   attached pages].

8       For the following reasons, the petition is dismissed without

9   prejudice and with leave to amend.

10       To begin with, the petition fails to satisfy Rule 2(c) of the

11   Rules Governing Section 2254 Cases, which requires that a petition for

12   a writ of habeas corpus "specify all the grounds for relief which are

13   available to the petitioner" and "state the facts supporting each

14   ground." Petitioner's allegations are rambling and he fails to clearly

15   set forth the legal and factual basis for his claim(s) for relief.

16       To the extent the Court can decipher petitioner's claim, it fails

17   to state a cognizable claim for relief. Federal habeas corpus relief

18   is available only for violations of the Constitution, laws, or

19   treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 219

20   (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Nowhere does

21   petitioner allege that he was deprived of any federally protected

22   right.

23       Even if petitioner's allegations presented a cognizable federal

24   claim, it does not appear that any such claim has been exhausted. See

25   28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

26   The exhaustion requirement is satisfied when the substance of a

27   petitioner's federal claim has been fairly presented to the state's

28   highest court. Davis v. Silva, 511 F.3d 1005, 1008-1009 (9th Cir.

2008). Petitioner does not allege that he has raised his claim challenging his 1997 conviction in any petition filed in the California Supreme Court. Thus, it does not appear that petitioner exhausted his state court remedies.

Finally, from the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). Although petitioner does not indicate the date of his conviction, his trial occurred in 1997. Petitioner also does not state whether he filed an appeal. As a result, it appears that petitioner's conviction became final sometime in 1998. See 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); Roberts v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010) (noting that petitioner's "state court conviction became final on ... the date on which his time for seeking review of his conviction expired"), cert. denied, 132 S.Ct. 286 (2011). Thus, petitioner had until sometime in 1999 to file a federal petition. See Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

This petition was not filed until April 27, 2016, approximately 16 years after the limitation period expired. Absent grounds for statutory, see 28 U.S.C. § 2244(d)(1) and (2), or equitable tolling of the limitation period, the  petition is time-barred.

It does not appear that petitioner filed any state habeas petitions during the relevant period, so the limitation period was not statutorily tolled.


Furthermore, petitioner has not provided an adequate explanation for the lengthy delay in filing his federal habeas corpus petition

which might entitle him to equitable tolling of the one year statute of limitation. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner must show that his untimely filing was caused by the extraordinary circumstances rather than the petitioner's own lack of diligence in pursuing his rights. Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), cert. denied, 133 S.Ct. 769 (2012); see Randle v. Crawford, 604 F.3d 1047, 1057 (9th Cir.) (explaining that equitable tolling is only appropriate if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (quotation marks and citation omitted), cert. denied, 562 U.S. 969 (2010).

**Based upon the foregoing deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner has twenty-eight (28) days from the date of this order within which to file an amended petition curing the deficiencies noted above. The amended petition must be filed on the forms provided by the Clerk and bear the case number CV 16-3024-ODW(AJW). The amended petition must include the specific legal and factual basis for each of petitioner's claims for relief, as well as indicate whether each of those claims has been presented to the California Supreme Court. In addition, petitioner must (1) make clear the dates on which any state court petition was filed, the claims raised in any such petition, and if possible, attach copies of any state petition and the state court's decision addressing each petition and (2) describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his**

1   ability to timely file this federal petition.

2        Petitioner is cautioned that failure to file an amended petition

3   within the time provided may result in dismissal of this petition

4   without prejudice.

5   IT IS SO ORDERED.

6

7   Dated: May 5, 2016

8                                     _____
                                      Andrew J. Wistrich
9                                     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28